3013365-LRB/TNP/KEF                                                                I.D. 6206641

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY ROSSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. 3:10-cv-50240 |
| v. ) | |
| ) | |
| STEVEN GROFT and U.S. XPRESS, INC., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS', STEVEN GROFT'S and U.S. XPRESS, INC.'S, MOTION FOR LEAVE TO AMEND EXPERT DISCLOSURES

NOW COME the Defendants, STEVEN GROFT and U.S. XPRESS, INC., by and through their attorneys, Kyra E. Flores and SMITHAMUNDSEN LLC, and respectfully request leave to amend their Rule 26(a)(2)(B) expert witness disclosures for Dr. Rosenblatt pursuant to Rule 26(a)(2)(D). In support of their Motion, Defendants state as follows:

This matter is set for trial before The Honorable Geraldine Soat-Brown on July 8, 2013. (A copy of the Court's Order is attached as **Exhibit A.**) Pursuant to the Court's scheduling orders, Defendants disclosed Rule 26(a)(2) expert witnesses on January 30, 2013. (A copy of the Court's Order is attached as **Exhibit B**; a copy of Defendants' January 30, 2013 Rule 26(a) disclosures are attached as **Exhibit C**).

On February 13, 2013, Plaintiff filed a Motion to Bar Dr. Rosenblatt. Plaintiff argues that Dr. Rosenblatt's disclosures under Rule 26(a)(2)(B) are deficient including the fact that Dr. Rosenblatt's disclosures do not fully identify the facts and data which he considered in rendering his opinions in this case pursuant to Rule 26(a)((2)(B)(ii). In filing this Motion for Leave to

Amend, Defendants do not waive any of their objections to Plaintiff's Motion to Bar Dr. Rosenblatt. Accordingly, Defendants have reserved arguments in opposition to Plaintiff's Motion to Bar for their Response brief, filed on March 8, 2013.

Defendants seek leave to amend Dr. Rosenblatt's disclosures to include a list of Plaintiff's medical records which were sent to Dr. Rosenblatt by defense counsel and reviewed by Dr. Rosenblatt in rendering his opinions in this case. (A copy of Defendants' proposed Rule 26(a)(2)(B) disclosures for Dr. Rosenblatt are attached as **Exhibit D**).

"The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless nondisclosure was **justified** or **harmless**." *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. Ill. 2000) (emphasis added). "Rule 37 precludes the trial court from imposing the exclusion sanction unless it finds the party's failure to comply with Rule 26(a) was both unjustified and harmful to the opposing party." *Mintel Int'l Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 686 (N.D. Ill. 2009).

> This court has broad discretion when determining if a discovery violation is harmless or justified, and need not make explicit findings concerning those two issues. Still, guiding our analysis are these four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 2005 U.S. Dist. LEXIS 10692 (N.D. Ill. Feb. 22, 2005) citing *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003).

Each case must be evaluated based on its particular circumstances and facts. The Seventh Circuit stated in *Salgado by Salgado v. GMC*, "In affirming this judgment, we are mindful of our warning that 'in the normal course of events, justice is dispensed by the hearing of cases on their merits.'" 150 F.3d 735, 740 (7th Cir. 1998) quoting *Schilling v. Walworth County Park and Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986). The district courts must

examine the fact scenarios carefully and not to apply a bright line rule. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 759-760 (7th Cir. Ind. 2004) ("We do not hold that a district court should always exclude evidence in similar factual scenarios; in fact, well-reasoned cases have come to the opposite result…We urge district courts to carefully consider Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions that are outcome determinative.") *Id.*

In the present case, the failure to include a list of the Plaintiff's medical records reviewed by Dr. Rosenblatt in his timely Rule 26(a)(2)(B) disclosures was justified and harmless and amendment of his disclosures will not prejudice the Plaintiff for the reasons enunciated below:

i. **Plaintiff will not be prejudiced and will not incur surprise if Defendants are granted leave to amend Dr. Rosenblatt's disclosures.**

Defendants' proposed amendments to Dr. Rosenblatt's Rule 26(a)(2)(B) disclosures neither purport to change Dr. Rosenblatt's opinions nor do they include new opinions not previously disclosed. (See Ex. D) Instead, the proposed disclosures only serve to amend the disclosures by adding a list of the Plaintiff's medical records which were reviewed by Dr. Rosenblatt in this case. (See Ex. D). The records identified in Exhibit D were subpoenaed directly from medical providers disclosed by Plaintiff in answers to interrogatories and through discovery depositions of the parties. (A copy of Plaintiff's Rule 33 Answers to Interrogatories are attached as **Exhibit E**). Disclosure of the exact records provided to Dr. Rosenblatt for his review in this case were identified in Exhibit C of Defendants' Response to Plaintiff's Motion to Bar Dr. Gibson on March 8, 2013. Dr. Rosenblatt has referenced medical records in his report which were significant to his opinions. (See Ex. C).

As this Court has stated, the "ultimate question is one of prejudice." *Id.* at 686. In *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. Ill. 2000), the Seventh Circuit held that the

3

plaintiff's failure to timely disclose supplemental expert opinions did not warrant exclusion of the plaintiff's experts. **The Seventh Circuit reasoned that the purpose of expert disclosure rule intended to give opposing parties "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.** *Id.* **There was no risk of "unfair surprise" as the trial was "far off" and the parties still had "plenty of time" to prepare cross examinations of the experts.** *Id.* (emphasis added)

In this case, there is no risk of unfair surprise and the Plaintiff will not be prejudiced if Defendants are granted leave to amend Dr. Rosenblatt's disclosures. First, the records which are significant to Dr. Rosenblatt's opinions are disclosed in his report. Second, Plaintiff disclosed the treating physicians to Defendants in the course of discovery. (See Ex. E). Those records were subpoenaed through Record Copy Service throughout discovery, of which Plaintiff was given notice. (A copy of RCS subpoenas are attached as **Exhibit F**). The records were then specifically enumerated in Exhibit C attached to Defendants' response to Plaintiff's Motion to Bar Dr. Rosenblatt. The trial is still more than three months away and Plaintiff's counsel represented to this Court on February 20, 2013 that he will not depose Dr. Rosenblatt allowing for "plenty of time" to prepare a cross-examination of Dr. Rosenblatt before the July 8, 2013 trial date. There will be no substantive prejudice to the Plaintiff if Defendants are granted leave to amend Dr. Rosenblatt's disclosures to include a list of medical records reviewed, records which Plaintiff was well aware of prior to the date of Defendants January 29, 2013 Rule 26(a) disclosures.

    **ii. Any potential prejudice will be cured by granting Defendants leave to amend Dr. Rosenblatt's disclosures.**

It follows that if Defendants are granted leave to amend their disclosures, any potential prejudice will be alleviated through formal disclosure of the medical records reviewed by Dr.

4

Rosenblatt in this matter. Though it should be noted that the disclosures will neither change Dr. Rosenblatt's opinions as reflected in his report, nor will they create new opinions. It is true that the trial court has discretion in determining appropriate sanctions for discovery violations. *Sherrod*, 223 F.3d 605, 612. However, the sanction must be proportionate to the infraction. *Id*. Every case should be assessed on its own particular facts and circumstances because "justice is dispensed by the hearing of cases on their merits.'" *Salgado,* 150 F.3d 735, 740.

In *Sherrod*, the Plaintiffs timely disclosed their experts and preliminary reports. 223 F.3d 605, 612. Plaintiffs attempted to supplement the reports after the close of discovery. *Id.* The district court denied Plaintiffs motion to reopen discovery to file the supplemental reports and unde Rule 37 barred Plaintiffs experts from testifying at trial. *Id.* In reversing the district court, the Seventh Circuit confirmed that preliminary reports are not sufficient under the rule and held that the sanction was drastic as the Plaintiffs violation was "harmless." Id. at 13. Significant to this determination that the discovery violation was "harmless," the Court found that Plaintiffs timely disclosed the experts and their preliminary reports and that the trial was "a long way off" and defendants had plenty of time to prepare the examinations of Plaintiffs' experts. *Id.* The Seventh Circuit reasoned that "the expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case" and allowed Plaintiffs to file the expert reports. *Id.* at 613, 615.

In this case, Defendants timely filed Dr. Rosenblatt's report which contained his opinions and bases for those opinions, including reference to Plaintiff's medical records upon which he relied and which were of significance. The totality of the medical records reviewed by Dr. Rosenblatt was not completely unknown to Plaintiff as they were from disclosed treaters whose

5

records were subpoenaed. Plaintiff was also advised of the records in Defendants' response to Plaintiff's Motion to Bar Dr. Rosenblatt. The facts here are not as severe as those in *Sherrod* where new reports were offered after the close of discovery. Even in that case, the Court allowed the reports because there was sufficient time for the defendants to prepare for cross-examination. Plaintiffs are not prejudiced through the amendment of Dr. Rosenblatt's disclosures as it does not change or alter his opinions and any potential prejudice is alleviated through formal amendment of the disclosures. Plaintiff will have more than ninety days to prepare his cross-examination for trial. As such, any violation by the Defendants is harmless and non-prejudicial.

### iii. Amendment of Dr. Rosenblatt's disclosures will not disrupt the trial.

As discussed, Plaintiff's counsel has represented that he will not depose Dr. Rosenblatt before trial. Therefore, Plaintiff has more than three months to prepare for cross-examination of Dr. Rosenblatt at trial. The parties' motions *in limine* are not due until April 12, 2013 and the disclosure of all medical records reviewed by Dr. Rosenblatt will not change his opinions as reflected in his timely disclosed report, nor will they create new opinions. The parties are ready, willing and able to proceed with this Court's pre-trial scheduling orders so that trial can begin as scheduled on July 8, 2013.

### iv. There is no evidence of bad faith or willfulness on the part of Defendants.

Defendants' failure to disclose of all of Plaintiff's medical records reviewed by Dr. Rosenblatt in this case was not done in bad faith or willfulness. This is because the "neither *Daubert* nor the Federal Rules of Evidence require an expert to review all of the facts, only a 'sufficient' amount is required." *Heard*, 2012 U.S. Dist. LEXIS 90684. Rather, the records which were relied upon and which were significant to Dr. Rosenblatt's opinions were disclosed

6

in his report. The issue of which medical records were reviewed by Dr. Rosenblatt is relevant to the weight of his testimony, not the admissibility. That is a matter for cross-examination of Dr. Rosenblatt by the Plaintiff and an issue for determination by the trier of fact. "The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. Ind. 2000). See also *Cooper*, 211 F.3d 1008, 1021; *Daubert,* 509 U.S. 579, 596. For those reasons, Defendants did not intentionally prevent full disclosure of Dr. Rosenblatt's opinions and the bases thereof. Rather, Defendants sought to comply with the requirements of Rule 26, the Federal Rules of Evidence and the U.S. Supreme Court's holdings in *Daubert.* Any omission was harmless and justified and Defendants should not incur sanctions.

    Defendants respectfully request leave to supplement Dr. Rosenblatt's Rule 26(a)(2)(B) disclosures to identify and further clarify the facts and data considered by Dr. Rosenblatt in this case, specifically to identify those medical records for Anthony Rossi which Dr. Rosenblatt reviewed in rendering his opinions in this case.

    WHEREFORE, the Defendants, STEVEN GROFT and U.S. XPRESS, INC., respectfully request that this Honorable Court grant the Defendants leave to supplement their Rule 26(a)(2)(B) disclosures pertaining to Dr. Rosenblatt and for any for further and other relief as this Court deems appropriate and just.

    Respectfully Submitted,

    SmithAmundsen LLC

    s/ <u>Kyra E. Flores</u>
    Kyra E. Flores – Bar Number: 6299780
    SmithAmundsen LLC
    Attorney for Defendants, Steven Groft and

                    U.S. Xpress, Inc.  
                    150 North Michigan Avenue, Suite 3300  
                    Chicago, IL 60601  
                    Telephone:    (312) 894-3200  
                    Fax:             (312) 894-3210  
                    E-Mail:       kflores@salawus.com

Lew R.C. Bricker  
Tanya N. Petermann  
Kyra E. Flores  
SMITHAMUNDSEN LLC  
Attorney for Defendants  
Steven Groft and U.S. Xpress, Inc.  
150 North Michigan Avenue, Suite 3300  
Chicago, Illinois 60601  
(312) 894-3200