**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY ROSSI, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN GROFT and U.S. XPRESS, )<br>INC., a Nevada Corporation, )<br>    Defendants. ) | Case No. 10 C 50240<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Rossi alleges that he has suffered a permanent disability as a result of a January 2010 automobile accident caused by a truck driven by defendant Steven Groft and owned by defendant U.S. Xpress, Inc. (Not. Rem., Ex. D, Compl.) [Dkt 1.] The court has jurisdiction under 28 U.S.C. § 1332, and the parties have consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636 [dkt 55]. A jury trial is scheduled to begin on July 8, 2013. Before the court are defendants' motions in limine no. 1, 3-5 and plaintiff's motions in limine no. 1-5.[1] [Dkt 99-103, 106, 108, 110 and 112.] The motions are ruled on as set forth below.

**Legal Standard**

Generally, "[m]otions in limine are disfavored." *Mi-Jack Prods. v. Intl. Union of Operating Engrs., Loc. 150*, No. 94 C 6676, 1995 WL 680214 at *1 (N.D. Ill. Nov. 14, 1995). A motion in limine should only be granted when "the evidence is clearly inadmissable for any purpose." *Obrycka*

---

[1] Defendants' motion in limine no. 2 [dkt 104] is discussed in a separate opinion.

*v. City of Chicago*, No. 07 C 2372, 2012 WL 4060293 at *1 (N.D. Ill. Sept. 14, 2012). The movant bears the burden of showing that the evidence that it seeks to preclude is "clearly inadmissible." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partns. v. AT&T Techs., Inc.* 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993). Denial of a motion in limine is *not* a ruling that the material subject to the motion is necessarily admissible. Rather, it "means only that outside the context of trial, the court cannot determine whether the evidence in question is admissible." *Plair,* 864 F. Supp at 69.

**Defendants' Motion in Limine No. 1**

Defendants move to bar "[a]ny statements, comments or inferences as to testimony or arguments regarding comparison or proportion damages incurred, lost, will incur or potentially lose in relation to per diem, to monetary compensation and/or salaries of professional athletes, entertainers or celebrities, the value of art, horses or any equivalent, or the monetary compensation received by corporations, businesses or others during any part of the trial without first demonstrating substantial similarity." (Defs.' MIL No. 1 ¶ 1.) [Dkt 112.] In his response, Rossi stipulates that he will not make any per diem argument and suggests that he will not be presenting any comparison evidence. (Pl.'s Resp. Defs.' MIL No. 1 ¶¶ 1, 3.) [Dkt 116.] He argues, however, that his "counsel should not be prohibited from comparing [Rossi's] losses to the value of horses, art, or compensation/salaries of celebrities, professional athletes, and corporate entities." (*Id.* ¶ 4.)

Neither party has cited any federal cases that concern these types of comparison arguments.

In general, "[t]hough the scope of closing argument is broad, counsel may not make reference to matters not in evidence." *Trytko v. Hubbell, Inc.*, 28 F.3d 715, 727 (7th Cir. 1994). "A district court has considerable discretion in supervising the arguments of counsel." *Id.* Illinois courts that have considered such arguments conclude that it is impermissible to argue that the plaintiff's damages are equivalent to the value of a car or a horse, but have not reversed on the basis of such arguments where the focus is on the losses sustained by the plaintiff and not on the worth of the horses or cars. *See Goad v. Evans*, 547 N.E.2d 690, 707-08 (Ill. App. 4th Dist. 1989); *Dotson v. Sears, Roebeck & Co.*, 510 N.E.2d 1208, 1041-42 (Ill. App. 1st Dist. 1987).

It is not clear from defendants' motion or Rossi's response exactly how Rossi's counsel might incorporate such references into his closing argument. Thus, any ruling on the matter is best left for trial. Accordingly, defendants motion is denied as moot with respect to per diem arguments and submission of comparison evidence, and denied without prejudice to an objection made at trial as to any such arguments made by Rossi's counsel.

**Defendants' Motion in Limine No. 3**

Defendants argue that Rossi "not be permitted to present any evidence of any past or future lost income" as Rossi did not file tax returns and nor has he produced any 1099 income statements or wage loss verifications from any employer to document his pre-accident income. (Defs.' MIL No. 3 ¶ 1.) [Dkt 108.] Prior to the accident, Rossi testified, he worked as a loan officer and never made more than $10,000 a year. Rossi did not file any tax returns and apparently did not keep his 1099 income statements.

Defendants argue that it is the "common law of Illinois that a plaintiff's lost income claim

may be barred when a plaintiff has not offered tax returns or proofs of his loss of income for support and when not complying with court orders and rules." (Def.'s MIL. No. 3 ¶ 6 (citing *Hawkins v. Wiggins,* 415 N.E.2d 1179 (Ill. App. 1st Dist. 1980)).) In *Hawkins*, the appellate court upheld the trial court's decision to bar plaintiff from making a lost income claim for failure to comply with discovery requests that asked for the plaintiff's tax returns. *Id.* at 1185. Here, however, defendants have not demonstrated that Rossi has failed to comply with any such discovery requests. Rather, he simply has no documents to prove his past income.

The parties' use of the term " past and present lost income" blurs the distinction between a lost earnings claim and a diminished earning capacity claim. In general, a lost earnings claim compensates the plaintiff for the amount time that he or she was incapacitated and unable to work at the job that the plaintiff had at the time of injury. *See, e.g., Turner v. Chicago Transit Auth.*, 461 N.E.2d 551, 558 (Ill. App. 4th Dist. 1984). A diminished earning capacity claim, on the other hand, "is calculated by deducting the amount plaintiff is capable of earning after his injury from the amount he was capable of earning prior to his injury, and awarding plaintiff the difference." *LaFever v. Kemlite Co.*, 706 N.E.2d 441, 455 (Ill. 1998) (internal citations omitted). Past income is relevant for a diminished earning capacity claim but is not dispositive. Bruce L. Ottley, Rogelio A. Lasso & Michael J. Polelle, *Illinois Tort Law*, § 24.10, 24-21 (4th ed., LexisNexis 2011); *see also Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 726-29 (6th Cir. 2012) (discussing differences between lost earnings and diminished earning capacity). Damages for diminished earning capacity can be can be awarded even for parties who have never worked, such as children. *See, e.g., Stennis v. Rekkas*, 233 N.E.2d 1059 (Ill. App. 1st Dist. 1992.)

The *Turner* case describes the differences between a lost earnings claim and a diminished

earning capacity claim. There, the plaintiff Turner was unemployed at the time of the accident, which incapacitated him for 18 months. *Turner*, 461 N.E.2d at 558. Prior to his unemployment, plaintiff had worked as a heavy machine operator. *Id.* After the accident, plaintiff alleged that due to his injuries, he was limited to working as a light machine operator. *Id.* The court found that plaintiff's unemployment at the time of the accident precluded him from making a lost earnings claim for his 18 month incapacitation. *Id.* His unemployment, however, did not preclude him from claiming an amount for diminished earning capacity as he was unable to work in his prior position as a heavy machine operator. *Id.*

It not clear from the materials before the court on the motion that Rossi intends to present a lost income claim, that is, a contention that, because of the injury he was unable to work at his position as a loan officer for any period of time. At his deposition, he testified that he was not working at the time of the accident, the offices were closing, and that he did not know the date he last worked. (*See* Defs.' Mot. Strike David Gibson, Ex. E, Dep. Anthony Rossi at 44-45.) [Dkt 63.] The *Turner* case would preclude a lost income claim based on such a record, but Rossi's response does not really argue for such a claim.

Rather, it appears that Rossi will be making a diminished earning capacity claim, and he has retained vocational economist David Gibson to opine on such a claim. The absence of tax returns, 1099 income statements or other proof of income does not preclude Rossi from presenting evidence related as to his diminished earning capacity as prior income is not the measure of damages for that claim, although the absence of such records may be relevant to the jury's evaluation of Rossi's diminished earning capacity claim.

Defendants' motion in limine no. 3 is denied as to a claim by Rossi for diminished earning

5

capacity. It is apparently moot in so far as it seeks to preclude a lost income claim because it does not appear that Rossi intends to make such a claim. In the event that Rossi seeks to present a lost income claim, defendants may renew the motion.

**Defendants' Motion in Limine No. 4**

Defendants request that, if the court grants defendants' motion to bar Rossi's retained vocational economist David Gibson from testifying as to Rossi's diminished earning capacity [dkt 62], any medical witnesses should also be barred from testifying about Rossi's diminished earning capacity that Rossi may have suffered due to his injuries. (Defs.' MIL No. 4 ¶ 1.) [Dkt 106.] Defendants observe that none of Rossi's treating physicians testified about any impairment of Rossi's earning capacity or that there were any jobs he would not be able to perform. (*Id*. ¶ 2.)

This motion is denied as moot for two reasons. First, subsequent to the filing of the motion in limine, defendants' motion to bar Mr. Gibson was denied. [Dkt 115.] Second, Rossi states that he does not intend to introduce any testimony from his treating physicians regarding Rossi's "earning capacity and fitness for job requirements." (Pl.'s Resp. Defs.' MIL No. 4 ¶ 2.) [Dkt 119.]

**Defendants' Motion in Limine No. 5**

Defendants seek an order that Rossi "be barred from any reference to the amount of medical bills [Rossi] has incurred without proof of them." (Defs.' MIL No. 5 ¶ 1.) [Dkt 110.] Defendants state that Rossi "has not detailed the medical bills he is claiming as being related to the accident." (*Id*. ¶ 2.) Rossi responds by citing *Diaz v. Chicago Transit Authority*, 528 N.E.2d 398, 405 (Ill. App. 1st Dist. 1988): "The prevailing rule is that the hospital or doctor's bill is *prima facie*

reasonable and a proper foundation is laid when plaintiff testifies that the bill was for services rendered to him and that the bill has been paid." (Pl.'s Resp. Defs.' MIL No. 5 ¶ 2.) Rossi states that he has given defendants a chart that details his bills, and that defendants have received copies of those bills and evidence that the bills have been paid. (*Id*. ¶¶ 1, 3.)

It is not clear from the motion and response what evidence Rossi intends to present about his medical bills. The parties must identify their respective exhibits as part of the draft pretrial order. Defendants' motion is denied at this time without prejudice to any objection defendants may make about the medical bills as exhibits.

**Rossi's Motion in Limine No. 1**

Rossi moves to bar any reference to his admitted cocaine and marijuana use as irrelevant under Fed. R. Evid. 402 and if at all relevant, the probative value is substantially outweighed by its unfair prejudice to Rossi under Fed. R. Evid. 403. (Pl.'s MIL No. 1 at 1-2.) [Dkt 99.] Rossi has admitted to using cocaine a couple of times long before the accident and has admitted to using marijuana after the accident. (Rossi Dep. at 64-66.)

A court "must be chary in admitting [evidence of drug use] when it is offered for the sole purpose of making a general character attack." *U.S. v. Cameron*, 814 F.2d 403, 405 (7th Cir.1987.) Defendants argue that Rossi's drug use is relevant to Rossi's diminished earning capacity claim as Rossi's drug use may have precluded him from employment at the Cook County Sheriff's Office, a job for which Rossi had applied before the accident. (Defs.' Resp. Pl.'s MIL No. 1 ¶¶ 3-6.) [Dkt 124.] As discussed previously in this case, neither Rossi nor Rossi's expert David Gibson intends to testify that Rossi would have obtained a job with the Cook County Sheriff's Office but for his

injuries, and thus whether Rossi would have obtained a job in the Cook County Sheriff's Office is irrelevant to his diminished earnings capacity claim. (Mem. Op. and Order, Apr. 16, 2013 at 11.) [Dkt 115.]

Defendants also argue that Rossi's drug use "affects [Rossi's] medical condition." (Defs.' Resp. Pl.'s MIL No. 1 ¶ 7.) Specifically, defendants point to the testimony of Rossi's treating anesthesiologist and pain management specialist Dr. Ravi Kumar who testified that in November 2010, he advised Rossi to take anti-inflammatory medications instead of prescription opiates due to Rossi's then-current use of marijuana. (*Id*., Ex. C., Dep. Dr. Ravi Kumar at 6, 15, 47-48.) In that testimony, Dr. Kumar noted that Rossi had not been using cocaine during the time of his treatment. (R. Kumar Dep. at 47-48.) Thus, any evidence regarding Rossi's past cocaine use is not relevant to any issue in this case. With respect to his marijuana use, it is impossible to tell from materials before the court on the motion, including Dr. Kumar's deposition testimony, whether and to what extent the choice of medications will be a significant issue in the trial.

Thus, Rossi's motion is granted in part and denied without prejudice in part. The motion is granted in that defendants may not refer to or present evidence of Rossi's past cocaine use. With respect to Rossi's marijuana use, the motion is granted in that defendants may not refer to it in opening statement, and before asking any question that involves marijuana use, defendants' counsel shall advise Rossi's counsel who may then renew the motion in limine.

**Rossi's Motion in Limine No. 2**

Rossi seeks to exclude evidence of his arrests for DUI and battery. (Pl.'s MIL No. 2) [Dkt 100.] He was not convicted of either charge. (*Id.*)

8

Defendants argue that the arrests are relevant to Rossi's claim for "loss of wages" as his arrests may have precluded Rossi from employment with the Cook County Sheriff's Office. (Defs.' Resp. Pl.'s MIL No. 2 ¶ 12.) [Dkt 125.] This argument, however, fails for the same reasons that it fails with regards to Rossi's drug use; whether Rossi would have obtained employment with the Cook County Sheriff's Office is irrelevant to any issue in this case. Accordingly, Rossi's arrest history is irrelevant, and Rossi's motion in limine no. 2 is granted.[2]

**Rossi's Motion in Limine No. 3**

In a one paragraph motion, Rossi seeks to bar as irrelevant all evidence of his pending divorce. (Pl.'s MIL No. 3.) [Dkt 101.]

Defendants argue that the divorce is relevant to Rossi's damages. Specifically, defendants point to Dr. Kumar's testimony that "psychological problems can worsen pain" and that it is possible that divorce "could cause physical manifestations of emotional pain." (Defs.' Resp. Pl.'s MIL No. 3 ¶¶ 7-8 and Ex. F, Dep. Dr. Ravi Kumar at 45, 71.) [Dkt 126.] Defendants also highlight Rossi's statement in his divorce proceeding that his wife's "a verbal attacks . . . cause him enormous stress, further intensifying the pain of the injuries he suffered in the recent car accident." (*Id.* ¶ 11 and Ex. J ¶ 15.) Further, defendants have attached Stephanie Rossi's Petition for Dissolution wherein she states that Anthony Rossi is a "well able bodied man capable of regular and gainful employment,"

---

[2] Defendants cite *Redmond v. City of Chicago*, 2008 WL 539164 at *2 (N.D. Ill. Feb. 26, 2008), but that case is factually inapposite. (Defs.' Resp. Pl.'s MIL No. 2 ¶ 14.) There, the plaintiff claimed that he suffered emotional distress stemming from an arrest. The court found that the plaintiff's prior arrests were relevant to his emotional damages as "the trier of fact could conclude . . . that Redmond would not have been as emotionally traumatized by the [arrest at issue] as he claims since he had already experienced the arrest process on prior occasions." *Redmond*, 2008 WL 539164 at *2.

which defendants maintain is inconsistent with her deposition testimony that Rossi's "pain limits him from seeking employment." (*Id.*, Ex. B, Pet. Dissolution ¶ 15 & Ex. P, Dep. Stephanie Rossi at 63.) Accordingly, because it cannot be said that Rossi's divorce is not potentially relevant in determining the extent of his injuries due to the accident, his motion in limine no. 3 is denied.

**Rossi's Motion in Limine No. 4**

Rossi seeks to bar defendants from inquiring about whether Rossi has anyone to care for his daughter. (Pl.'s MIL No. 4) [Dkt 102.] Rossi testified that his wife does not get along with her family and that Rossi's siblings are unable to help care for Rossi's daughter. Rossi maintains that this information is irrelevant.

Defendants state that the Rossi's "familial issues are directly relevant to his motivations for staying home as the primary caretaker for his daughter." (Defs.' Resp. Pl.'s MIL No. 4 ¶ 13.) [Dkt 127.] Defendants argue that Rossi's "decision not to seek employment outside of the home is related to his wife's financial support of Plaintiff and his daughter, rather than his limited physical abilities." (*Id.*) Because it cannot be said that the reason that Rossi is currently not working is not potentially relevant to Rossi's diminished earning capacity claim, Rossi's motion in limine no. 4 is denied.

**Rossi's Motion in Limine No. 5**

Rossi moves to bar all references to his failure to file tax returns in the years before the accident as irrelevant and unduly prejudicial. (Pl.'s MIL No. 5) [Dkt 103.]

Defendants argue correctly that Rossi's failure to file tax returns is potentially relevant to economic damages, and that defendants should be able to cross-examine Rossi and Rossi' economic

expert about it. (Defs.' Resp. Pl.'s MIL No. 5.) [Dkt 128.]; *see also Fettson v. James*, 697 N.E.2d 1131, 1134 (Ill. App. 1st Dist. 1997) ("Cross-examination of plaintiff as to income tax returns is also proper where plaintiff's testimony reveals a lack of certainty over the amount of lost income.")

Defendants also argue that Rossi's failure to file tax returns or keep his 1099 income statements can be used to attack Rossi's character for truthfulness under Fed. R. Evid. 608(b). (Defs. Resp. Pl.'s MIL No. 5 ¶ 25.) The Seventh Circuit has recognized that failure to file tax returns can be used to attack a witness' character for truthfulness in some instances, but has emphasized the trial court's discretion as to whether to admit such evidence for that purpose. *See Jabat, Inc. v. Smith*, 201 F.3d 852, 856 (7th Cir. 2000) (upholding trial court's decision to bar party from attacking witness' character for truthfulness for failing to file tax returns). There is no evidence that Rossi has ever been convicted, charged, or even investigated for failing to file his returns and he has been quite candid about failing to file returns, so it is questionable as to whether such character attacks should be permitted. That being said, because Rossi's motion is denied in any event because his failure to file to file tax returns is relevant to his economic damages, any ruling on whether that evidence is admissible to attack Rossi's character for truthfulness will be reserved for trial.

Accordingly, Rossi's motion in limine no. 5 is denied.

**CONCLUSION**

For the foregoing reasons, the parties' motions in limine are ruled upon as follows. Defendants' motion in limine 1 is denied in part as moot and denied in part without prejudice. Defendants' motions in limine 3 is denied as to Rossi's diminished earning capacity claim and denied without prejudice as moot as to any lost income claim. Defendants' motion in limine no. 4

is denied as moot. Defendants' motion in limine 5 is denied without prejudice. Rossi's motion in limine no. 1 is granted in part and denied without prejudice in part. Rossi's motion in limine no. 2 is granted. Rossi's motions in limine nos. 3, 4, and 5 are denied. Defendants' motion in limine 2 is the subject of a separate order. At trial, if any party believes evidence is being introduced in violation of these rulings, the party must object at that time.

**IT IS SO ORDERED.**

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ _____
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **Geraldine Soat Brown**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **United States Magistrate Judge**

**DATE: May 31, 2013**